UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MIKE DAVID JONES, JR,

                Plaintiff,

            -against-

MIKE DAVID JONES JR ESTATE, ET AL.,

                Defendants.

25-CV-5770 (LLS)

ORDER OF DISMISSAL

---

LOUIS L. STANTON, United States District Judge:

Plaintiff Mike David Jones Jr., who resides in Colorado, appears *pro se*. He describes himself as a "a private People called Moor americas aboriginal Denver (Coloradan) national, *in personam sui juris* a Noble, A Master Merchant, a Master Mason, a Shereef , a[n] Admiral, a Seamen, Mariner, a Piloter, High Priest of Anu, A Maji, a Commander, Bonafide Owner Maritime lien holder of all vessels, ships, chattels, goods, cargo, convoys, crafts, tenements, charters, estates, commodities, merchandise Land, Air, Water etc, navigating the high seas . . ." (ECF 1 at 17.) [1] Plaintiff's list of defendants is 16 pages long, and includes current and former government officials, public figures, and chief executive officers, almost none of whom are alleged to reside in this district.

Plaintiff captions his complaint for the "Ecclesiastical High Courts of Chancery," and relies on a "Master Bill of Lading Ship Manifestation (Non-Negotiable)" and various treaties (the "Treaty of Tripoli 1796-Article X," the "Treaty of Algiers 1795 Article XV," and the "Treaty of Tunis 1824").[2] The Court dismisses the complaint for the reasons set forth below.

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

[2] Where a *pro se* complaint is submitted to the court via email, as was this complaint. a litigant generally has 30 days to prepay the filing fees or apply to proceed *in forma pauperis*.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

---

Because the complaint is manifestly frivolous, the Court dismisses it at this early stage. *See*, *e.g.*, *Perkins v. Garland*, No. 24-CV-0766 (LTS) (S.D.N.Y. Mar. 18, 2024) (dismissing *sua sponte* as frivolous complaint directed to Ecclesiastical High Courts of Chancery, filed without fees or IFP application). Moreover, in other cases with complaints strikingly similar to this one, the plaintiffs responded to deficiency orders by filing improper interlocutory appeals. *See*, *e.g.*, *Motley v. JaNae Rocquel Motley Est.*, No. 23-CV-10268 (LTS) (S.D.N.Y.) (disregarding improper interlocutory appeal of deficiency order and dismissing complaint for failure to pay fee or submit IFP application); *Scamp v. Higgins Fam. Tr.*, No. 23-CV-1418 (LTS) (S.D.N.Y. Mar. 27, 2023) (same); *Stepherson v. Haaland*, No. 22-CV-9202 (LTS) (S.D.N.Y. Nov. 10, 2022) (same); *Parker v. Haaland*, No. 22-CV-8107 (LTS) (S.D.N.Y. Dec. 15, 2022) (same).

# DISCUSSION

A frivolous claim is one "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

Here, Plaintiff alleges the following in the complaint:

This is a suit in original equal justice being rendered in the admiralty and maritime jurisdiction by nature law of nations arising within the Treaty of 1787 Marrakech ARTICLE II, XXI.; 1781 Articles of Confederation Article VI, IX, XII, XIII ; 1789 constitution for the united states of america in congress assembled, ARTICLE III §2. §§1., and ARTICLE VI. §1., §2. and §3, Article 1 section 8 clause 10 and clause 17; the Judiciary Act of 1789 1 stat 73 §9,§11 and §16, and §20,§22,§25,§26, §30,§32; and the Treaty of Tunis 1824 ARTICLE XII., the rights of your orator, as a private People called Moor americas aboriginal Coloradan national A Emperor, A Noble, Master Merchant, a Master Mason, a Shereef , a Admiral, a Seamen, a Piloter, a Commander, Captain Maritime lien holder of all vessels, ships, chattels, goods, cargo, crafts, tenements, charters, estates, commodities, convoys, sea ports, ports of lading, Land, Air, Water etc, Owner Maritime lien holder navigating the high seas onshore and offshore, and Subject of the Al Maroc Shereefian Empire, are of those classes which said maritime treaties, constitution, and act, either confers or has taken under their protection, without such obligation, your orator's rights are in jeopardy of being destroyed and slandered beyond repaired, where no adequate remedy for their enforcement is provided by the forms of letters of marque/reprisal proceedings of a purely colorable quasi-in rem admiralty and maritime legal nature. The same necessity invokes and justifies, in cases to which its remedies can be applied, that jurisdiction in equity in admiralty vested by said maritime treaties, constitution, and act, and which cannot be affected by the legislation of the emergency provisional congress by a committee of the states, the states, nor any agencies subject to the law of the district of columbia. This court has jurisdiction and the claimant/suitor/libellant does hereby grant all subject matter jurisdiction to this district court of the united states for the southern district of new york and hereby invoke, require, give a signal or pass to an Article III judge/chancellor/special

>master special term who is competent and impartial to handle this special cause de novo ex parte in this port of entry, under the original equal justice being rendered in the admiralty and maritime jurisdiction by nature law of nations, and this court also have original and exclusive jurisdiction when it comes to matters dealing with two or more states to all Cases affecting Ambassadors, other public ministers and Consuls;-to all Cases of admiralty and maritime Jurisdiction;-to Controversies to which the United States shall be a Party conferred by Treaty of 1787 Marrakech ARTICLE II, XXI.; 1781 Articles of Confederation Article VI, IX, XII, XIII ; 1789 constitution of the united states of america in congress assembled, ARTICLE III §2. §§1., and ARTICLE VI. §1., §2. and §3 and §3, Article 1 section 8 clause 10 and clause 17; the Judiciary Act of 1789 1 stat 73 §9. and §11 and §16, §20,§22,§25,§26, §30,§32;; and the Treaty of Tunis 1824 ARTICLE XII., to the exclusion of all other quasi-in rem, colorable admiralty and maritime modes and letters of marque/reprisal "Acts of War" proceedings, to adjudge this matter. . . .

(ECF 1 at 20.)

Plaintiff describes his "statement of the cause" as follows:

>Your Orator has suffered irreparable injury beyond repair by belligerent and hostile enemy Christian powers and their crewman on enemy ships and vessels who continues to cross enemy lines stepping outside of the 10 X 10 square mile of the headquarters who identifies themselves as the united states for the district of columbia masquerading themselves as Citizens of the united states of north america but in reality they are citizens of the united states for the district of columbia and privateers/pirates which in fact are committing Treason and felonies upon the High seas against the law of nations. Using colorable prize proceedings not applicable in admiralty using a 2 Tiered system causing Tyranny to destroy Ipso Jure Moor Subjects of an Empire with Malicious and Scandalous Intent and purpose through corruption of Blood using Letters of Marque/reprisal to capture and condemn the Booty as prize and steal all cargo and goods belonging to the MotherShip of the Al Maroc Shereefian Empire. The united states for the district of columbia is in Fact the modern day resurrection of the East India Trading Company which the slav(e) Trade was wholly discontinued by the Emperor pursuant the 1774 Articles of Association which was agreed To obtain redress of these grievances, which threaten destruction to the lives liberty, and property of his majesty's subjects, in North-America, we are of opinion, that a non-importation, non-consumption, and non-exportation agreement, faithfully adhered to, will prove the most speedy, effectual, and peaceable measure. . .

(*Id*. at 47.)

Plaintiff seeks, among other things, the following relief:

>[Y]our orator therefore requires that this court issue a decree for Libellant's special request for Declaratory Relief of the rights, duties, powers, privileges and

4

> immunities between the parties which is operative and binding upon all the parties to the suit, whether they be natural or artificial persons, and whether under disability or not." a. Acknowledgement of jones, mike jr david a people called Moor beneficiary, as sole exclusive heir to the same subject matter the Name and Estate of "MIKE DAVID JONES JR," "MIKE DAVID JONES JR EL" establishing my equitable maritime rights, powers and relation to said estate; to the private enjoyment, use, possession, and benefit of all property attachments including, but not limited to, all rents, credits emitted, monies borrowed, assets, lands, acquisitions, proceeds, profits, houses, goods and chattels, rights and credits, his person, his wife and minor offspring, his right to work and trade, to sell and acquire property, to engage in lawful business without restriction, to pass and repass among the Christians and Jews, being perfectly secure in his person and property, and his and their reputation, health and capacity to labor

(*Id.* at 49.)

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 475, Plaintiff's complaint relies on theories that have repeatedly been rejected as frivolous. Courts have recognized that "a litigant's reliance on any Barbary Treaty, including on the Treaty with Morocco, for the purposes of a civil suit raising claims based on the events that occurred within what is the United States' geographical territory is facially frivolous." *Bey v. City of Rochester*, No. 11-CV-6457, 2012 WL 1565636, at *7 (W.D.N.Y. Apr. 30, 2012) (dismissing claims relying on the Marrakech Treaty of Peace and Friendship from 1787). Plaintiff's reliance on the "Treaty of Algiers 1795 Article XV," the "Treaty of Marrakech," the "Treaty of Tripoli 1796-Article X," and the "Treaty of Tunis 1824" for his claims arising in the United States is also frivolous. Moreover, courts in this district have dismissed as frivolous complaints asserting the same claims in nearly identical language. *See*, *e.g.*, *Perkins v. Garland*, No. 24-CV-0766 (LTS) (S.D.N.Y. Mar. 18, 2024) (dismissing *sua sponte* as frivolous complaint directed to Ecclesiastical High Courts of Chancery, filed without fees or IFP application). Because Plaintiff's claims are frivolous, the Court dismisses this action under 28 U.S.C. § 1915(e)(2)(B)(i).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

Plaintiff's complaint is dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated: July 21, 2025
New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.